## SOUTHWEST DAIRY PRODUCTS CO. v. LITTRELL.

### No. 12907.

Court of Civil Appeals of Texas. Dallas.
July 27, 1940.

Touchstone, Wight, Gormley & Touchstone and James J. Sheerin, all of Dallas, for appellant.

James S. Skinner, of Dallas, for appellee.

LOONEY, Justice.

This suit originated in the justice court, was appealed to the county court, from whose judgment this appeal was taken.

In October, 1937, W. F. Littrell entered the service of Southwest Dairy Products Company, as a distributor of its milk, butter, etc., to customers along a certain route in the City of Dallas. Before beginning service with the Company, Littrell was required to deposit $100, as indemnity against loss to the Company, by reason of certain conduct on the part of Littrell. The employment was terminated in January, 1938, after which, Littrell filed this suit to recover the cash deposit; also $37.22, alleged improper deductions from his salary, and $57.66, balance due on salary.

The Company answered by general denial and a special plea, alleging that the $100 cash deposit was intended as indemnity against such losses as the Company might sustain by reason of broken milk bottles, bottles and products not returned, and the failure of Littrell to collect from customers, accounts properly chargeable to him; contending that, after deducting the amount of losses from the $100 deposit and the amount due Littrell as salary, the company was due him only $28.94, which was tendered, and was followed by being deposited in the registry of court.

The case was tried to a jury and, based upon its verdict, the court rendered judgment against the Company, in favor of Littrell, for the sum of $173, from which this appeal was taken.

Appellant assigns error on the refusal of the court to direct a verdict in its favor, also in excluding certain evidence. These assignments are overruled. Appellant also assigns error on the refusal of the court to grant its motion for a new trial, based on the ground that, the verdict is excessive and against the great weight and preponderance of the credible evidence.

■ We sustain the latter assignment. As the case will be reversed and remanded for further proceedings, we refrain from saying more than that, appellee's testimony, relied upon exclusively for recovery and, obviously, upon which the verdict of the jury was based, in our opinion, is entire-

ly too contradictory, improbable and inconclusive to warrant a reasonable belief in the existence of the facts essential to recovery, at least in the amount, as found by the jury.

We are not unmindful of the rule that, verdicts should be upheld, if supported by any evidence; yet, after carefully reading the entire statement of facts, and the original documents accompanying same, we could not affirm the judgment without surrendering our intelligence to a mere formula; this, we are not content to do; therefore, without further comment on the evidence, reverse the judgment below and remand the cause for further proceedings.

Reversed and remanded.